UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMI RAM,

       Plaintiff,

v.

LEHMAN BROTHERS BANK, FSB (now known as AURORA BANK, FSB), FEDERAL NATIONAL MORTGAGE ASSOCIATION, AURORA LOAN SERVICES, LLC, BANK OF AMERICA, N.A., and DIONNE MARCY,

       Defendants.
_____/

Case No. 11-10112

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 24, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

On December 2, 2010, Ami Ram ("Plaintiff") filed this lawsuit in Oakland County Circuit Court to quiet title to real property located in Beverly Hills, Michigan. He also seeks damages for violations of Michigan and federal law in connection with the origination and administration of mortgage loans. Presently before the Court is a motion to dismiss filed by Defendant Bank of America, N.A. ("Bank of America") on July 18, 2011 pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is a motion for judgment on the pleadings filed by Defendants Aurora Bank, FSB and Aurora

Loan Services, LLC (collectively, "Aurora") on August 11, 2011 pursuant to Rule 12(c). These matters have been fully briefed, and the Court heard oral argument on October 20, 2011. For the reasons stated below, the Court grants Defendants' motions.

## I. Factual and Procedural Background

On May 12, 2006, Plaintiff purchased a home located at 30185 Marimor Street, in Beverly Hills, Michigan. He financed the purchase with a $193,900 loan obtained from Lehman Brothers Bank, FSB, which is now known as Aurora Bank, FSB. As security for the loan, Plaintiff granted the lender a mortgage on the property. Plaintiff alleges that this loan was serviced by Aurora Loan Services, LLC.

On September 27, 2006, Plaintiff obtained a refinance loan of $232,000 from Bank of America, granting Bank of America a mortgage on the property in return. Plaintiff also obtained a second loan of $29,000 from Bank of America and granted the lender a second mortgage on the property. Plaintiff used some of the proceeds of the refinance loan to pay off the Aurora loan, and Aurora discharged its mortgage on October 10, 2006. A few days later, Aurora Bank, FSB recorded a certificate of discharge with the Register of Deeds.

During 2008, Plaintiff defaulted on both the first and second Bank of America loans. In a letter dated September 9, 2010, Bank of America's foreclosure counsel, Trott & Trott, P.C. ("Trott"), notified Plaintiff that Bank of America had requested Trott to commence foreclosure proceedings. Bank of America claims that a notice of foreclosure was posted on the property on October 12, 2010, although the sheriff's sale has not yet occurred.

Plaintiff filed this suit on December 2, 2010, naming as Defendants Aurora, Bank of

America, Federal National Mortgage Association, and appraiser Dionne Marcy.[1] The Complaint asserts the following claims: fraudulent misrepresentation (Count I); violation of Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act (Count II); breach of contract (Count III); violation of the Real Estate Settlement Procedures Act and the Truth in Lending Act (Count IV); violation of 15 U.S.C. § 1639 (Count V); quiet title (Count VI); violation of Michigan Compiled Laws § 600.3204 *et seq.* (Count VII); malpractice (Count VIII); and injunctive relief (Count IX). The suit was removed to this Court on January 10, 2011.

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

[1] On August 5, 2011, the Court dismissed Plaintiff's claims against Federal National Mortgage Association and Dionne Marcy pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve those Defendants.

3

--- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

At the hearing, Plaintiff's counsel conceded that several of the Complaint's claims

do not apply to Bank of America or Aurora. The Court inquired as to which of the claims applied to Bank of America and which applied to Aurora. Plaintiff's counsel clarified that the claims against Bank of America are for violation of 15 U.S.C. § 1639 (Count V) and violation of Michigan Compiled Laws § 600.3204 (Count VII). He also stated that Plaintiff's claims of fraud (Count I) and breach of contract (Count III) apply to Aurora. The Court therefore considers Defendants' motions with respect to these claims.

**A. Fraud**

Aurora argues that Plaintiff has inadequately pleaded his fraud claim. Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 561 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993)).

Plaintiff claims that Aurora misrepresented the loan's amortization terms, but he has failed to point to any particular statement that may have misled him. Moreover, "there can be no fraud where the means of knowledge regarding the truthfulness of the representation are available to the plaintiff and the degree of their utilization has not been prohibited by the defendant." *Webb v. First of Mich. Corp.*, 195 Mich. App. 470, 474, 491 N.W.2d 851, 853 (Mich. Ct. App. 1992). Plaintiff executed a promissory note for the loan, and he has not claimed that Aurora prevented him from reading the note's terms.

Plaintiff claims that the appraisal falsely represented the value of the home. He asserts that Aurora required him to purchase the appraisal from appraiser Dionne Marcy,

5

but fails to allege that Aurora actually made statements concerning the property's value. Fraud generally requires the plaintiff to establish that the defendant made a material misrepresentation of fact. *Lawrence M. Clarke, Inc. v. Richco Constr., Inc.*, 489 Mich. 265, 284 (Mich. 2011). The Court also notes that statements of value are generally considered expressions of opinion that cannot support a claim of fraud. *Gothe v. Kakis*, 257 Mich. 364, 367, 241 N.W. 136, 137 (Mich. 1932).

Plaintiff alleges that the mortgage, note, and other unspecified documents failed to adequately disclose the loan's terms, including the applicable interest rate. He has failed to identify the particular manner in which these documents were deficient. The adjustable rate rider supplementing the mortgage clearly states the note's terms, Aurora Br. Ex. A at 16, and Plaintiff has not alleged that different terms were imposed. This allegation is plainly insufficient to state a fraud claim.

Plaintiff alleges that Defendants misrepresented to him that the property was not subject to flooding, citing a Flood Hazard Determination attached to his Complaint. *See* Compl. ¶ 24. This document, however, makes no such statement. Rather, it states that the home is not located in a special flood hazard area. *See* Pl.'s Resp. Br. Ex. 7. Plaintiff has failed to plead facts indicating that this statement is false. The document also states: "This flood determination is provided to the lender pursuant to the Flood Disaster Protection Act. It should not be used for any other purpose." *Id.* In order to plead fraud, Plaintiff must show that Aurora made its misrepresentation with the intent that he would rely upon it. *See Richco Constr., Inc.*, 489 Mich. at 284. Here, the document in question clearly warned Plaintiff against reliance. At the hearing, Plaintiff's counsel suggested that he has

6

sufficiently pleaded silent fraud or negligent misrepresentation, but the Court disagrees. "Silent fraud and negligent misrepresentation both require a defendant to owe a duty to the plaintiff." *Alfieri v. Bertorelli*, No. 297733, 2011 Mich. App. LEXIS 1796, at *5 (Mich. Ct. App. Oct. 18, 2011). The Court is unaware of any legal authority requiring a lender to discover and disclose hidden defects to a borrower purchasing real property. Moreover, a fiduciary duty generally does not arise in the lender-borrower relationship. *Farm Credit Servs., P.C.A. v. Weldon*, 232 Mich. App. 662, 680, 591 N.W.2d 438, 447 (Mich. Ct. App. 1998). Because Aurora had no duty to discover and disclose the defects cited by Plaintiff, a claim of silent fraud or negligent misrepresentation fails as a matter of law.

### B. Breach of Contract

Plaintiff alleges that Aurora breached the loan agreement by making false statements, failing to disclose material facts, and leading Plaintiff to rely on an inaccurate appraisal. Compl. ¶ 38. Plaintiff has failed to identify any contractual obligations breached by this conduct; rather, his claim appears to assert that Aurora's alleged fraud constitutes a breach of contract. The Court has already concluded that the allegedly fraudulent statements are not actionable. Plaintiff also asserts, without further elaboration, that Aurora overcharged him, but the Complaint contains no allegations detailing charges in excess of those provided for in the note. The Court concludes that Plaintiff has failed to state a plausible breach of contract claim.

### C. Truth In Lending Act

Count V asserts that Bank of America violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1639(h), by extending credit to Plaintiff without regard to his ability to repay

the debt. Compl. ¶¶ 45-46. Bank of America argues that the statute of limitations bars this claim, and the Court agrees. TILA claims are subject to a one-year limitations period. 15 U.S.C. § 1640(e). This period begins to run when the lender and borrower contract for the extension of credit. *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973). The mortgage loans in this case were made in 2006, more than four years before Plaintiff filed this suit. Plaintiff's TILA claim is therefore barred.

Plaintiff argues that his claim is timely because a violation of § 1639 may be asserted at any time as a defense to a foreclosure sale. This argument lacks merit, as the provision cited by Plaintiff does not apply to his claims. A party may assert a TILA violation "in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action." 15 U.S.C. § 1640(e). Through foreclosure, Bank of America is not attempting to collect money from Plaintiff; it is instead seeking to enforce its security interest in the property. The exception to the statute of limitations does not apply.

Plaintiff has also asserted, in his response to Aurora's motion, that there is no time limit on willful TILA violations, citing 12 C.F.R. §§ 108 and 130. Pl.'s Resp. Br. 5. The Court has been unable to locate these provisions, and notes that Plaintiff's counsel has made this same argument without supporting authority in at least two recent cases in the Eastern District of Michigan. *See Shaya v. Countrywide Home Loans, Inc.*, No. 10-13878, 2011 U.S. Dist. LEXIS 29388, at *11 n.1 (E.D. Mich. Mar. 22, 2011) (citing *Koczara v. IndyMac Bank, FSB*, No. 10-14065, 2011 U.S. Dist. LEXIS 10329 (E.D. Mich. Feb. 3, 2011)). The Court accordingly rejects this meritless argument.

Plaintiff requests equitable tolling of the statute of limitations "because the Loan intentionally violates state and federal laws," Compl. ¶ 21, but he has failed to plead facts from which the Court could justify tolling. Tolling is permitted where "the plaintiff demonstrates that: (1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992). Plaintiff has failed to identify any steps taken to conceal the alleged misconduct. Nor has he demonstrated that he acted diligently to discover his claim. The Court concludes that equitable tolling is not justified, and dismisses Plaintiff's untimely TILA claim.

Plaintiff also seeks to rescind the loan transactions. Compl. ¶ 50. A borrower may rescind certain credit transactions under TILA. *See* 15 U.S.C. § 1635. However, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." *Id.* § 1635(f). Here, Plaintiff obtained the loans from Bank of America on September 27, 2006, more than four years before he filed this action. His rescission claim is therefore time-barred.

**D. Violation of Michigan Compiled Laws § 600.3204**

In Count VII, Plaintiff asserts that foreclosure proceedings were instituted without proper notice, in violation of Michigan Compiled Laws § 600.3204. He argues that any sheriff's sale of the property is therefore void as a matter of law. Defective notice renders a foreclosure sale voidable, rather than absolutely void. *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 162 Mich. App. 750, 755, 413 N.W.2d 99, 101 (Mich. Ct. App. 1987). The plaintiff must demonstrate that he was prejudiced by the defect in order to void the sale.

9

*Id.* at 756, 413 N.W.2d at 101. The sheriff's sale has been adjourned pending the outcome of this litigation. Plaintiff has therefore suffered no loss as a result of defective notice. He asserts that he was unable to refinance the loan within the redemption period because of the alleged notice deficiencies. Compl. ¶ 58. This claim is illogical, as the redemption period begins running once the foreclosure sale occurs. *See* Michigan Compiled Laws § 600.3240. Because the sale has not occurred, Plaintiff may still redeem the property as provided by statute. The Court concludes that Count VII must be dismissed.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Aurora's motion for judgment on the pleadings is **GRANTED**;

**IT IS FURTHER ORDERED** that Bank of America's motion to dismiss is **GRANTED**.

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
Julian Levant, Esq.
Martin S. Frenkel, Esq.
David G. Michael, Esq.
Brandon M. Blazo, Esq.
Joseph H. Hickey, Esq.